# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| **Amos V. Merrill and Elsie I. Merrill,** | **Bankruptcy Case No. 12-40663-JDP** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    John Avery, Idaho Falls, Idaho, Attorney for Debtors.

    R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

### *Introduction*

Chapter 7[1] Trustee R. Sam Hopkins ("Trustee") objected to the claim by Debtors Amos Merrill and Elsie Merrill ("Debtors") that a boat is

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION – 1

exempt as an heirloom pursuant to Idaho Code § 11-605(1)(c).  For the reasons explained below, Trustee's objection will be sustained and exemption claim disallowed.  This Memorandum sets forth the Court's findings of fact and conclusions of law regarding the objection.  Rules 9014; 7052.

*Facts*

Debtors filed a chapter 7 petition on May 11, 2012.  Dkt. No. 1.  Debtors' schedule B listed a 1987[2] Chris Craft boat with a value of $1,500.  *Id.*  In schedule C, Debtors claimed an exemption of $750 in the boat, asserting that it is an heirloom pursuant to Idaho Code § 11-605(1)(c).  *Id.*

Trustee objected to Debtors' exemption claim on July 3, 2012, contesting their position that the boat qualified as an exempt heirloom.  Dkt. No. 17.  In their response to his objection, Debtors explained that the boat is an heirloom because their son, Jacob Merrill, had recently passed away, and Debtors had taken title to the boat as his heirs solely until

---

[2] Debtors' schedules indicate this is a 1987 boat; the title certificate to the boat shows it is a 1986 boat of an unknown make.  Dkt. No. 22, Exhibit 100.  The precise age of the boat is of no consequence to the outcome to this contest.

MEMORANDUM OF DECISION – 2

Jacob's[3] son, Debtors' grandchild, reaches the age of majority. Dkt. No. 18 at 2.

On August 28, 2012, the Court conducted a hearing in which testimony, evidence, and argument was presented. Dkt. No. 22. The only witness, Debtor Amos Merrill, testified about his sentimental attachment to the boat, indicating that it was his hope to eventually pass the boat on to his grandson. After the hearing, at the Court's invitation, the parties filed briefs. Dkt. Nos. 23; 24. Trustee argued that, under this Court's interpretation of the state exemption statute in *In re Hearn*, 97.1 IBCR 21 (Bankr. D. Idaho 1997), Debtors' boat was not an heirloom because it had not been the subject of multi-generational transfers. Dkt. No. 23 at 2. Debtors argued that there had indeed been the requisite multi-generational transfers required by *In re Hearn*, because Debtors' son Jacob purchased the boat from an aunt, and upon Jacob's death, Debtors acquired ownership of the boat solely for the benefit of Jacob's heir, their

---

[3] Reference to the late Mr. Merrill by his first name is solely for clarity; no disrespect is intended.

MEMORANDUM OF DECISION – 3

grandson. Dkt. No. 24 at 2.

## *Analysis and Disposition*

In a bankruptcy case, the property a debtor may exempt is determined by the Bankruptcy Code, unless the debtor's state has opted out of the Code's exemption paradigm. § 522(b). Idaho has opted out of the Code's exemptions, thus the Idaho exemption statutes apply to all bankruptcy cases filed in this District. Idaho Code § 11-609. "Though exemptions are construed liberally in favor of the debtor, the legislative intent is not to torture the language by giving it a very liberal interpretation." *In re Hearn*, 97.1 IBCR at 21 (citing *In re Moon*, 89 IBCR 26, 28 (Bankr. D. Idaho 1989)).

The exemption statute at issue here, Idaho Code § 11-605, provides:

> (1) An individual is entitled to exemption of the following property to the extent of a value not exceeding seven hundred fifty dollars ($750) on any one (1) item of property and not to exceed a total value of seven thousand five hundred dollars ($7,500) for all items exempted under this subsection:
> \* \* \* \*
> (c) Family portraits and heirlooms of particular sentimental value to the individual.

MEMORANDUM OF DECISION – 4

Construing this statute, the Court has explained that an heirloom is "an item of property which has passed through at least one generation before it became property of the debtor." *In re Hearn*, 97.1 IBCR at 22. Stated another way, in order to achieve heirloom status, more than one generational transfer of the item in question is required. *In re Collins*, 97.3 IBCR 78, 79 (Bankr. D. Idaho 1997). Therefore, to be exempt, the "threshold rule" is that a debtor must show the property has been the subject of multi-generational transfers. *Id.* If this initial burden is met, the debtor must then show that the property has "some characteristics of uniqueness that differentiate it from other similar items, such as antiquity, novelty, or history." *Id.*

In this case, the boat has not passed through more than one generation before it became the property of Debtors, and therefore it fails the test laid out in *In re Hearn* and *In re Collins*. Debtors' deceased son Jacob *purchased* the boat from his aunt. As a result, this transaction does not qualify as a generational passing of the boat. After Jacob's death,

MEMORANDUM OF DECISION – 5

Debtors acquired title to the boat as the successors in interest of their son's probate estate.  Even if this transfer from a descendant to an ancestor could be considered a passing of property from one generation to another, in the heirloom analysis, it represents but a single generational transfer, not the multi-generational passing required by the case law in this District.[4]

*Conclusion*

Trustee's objection to Debtors' claim of exemption in the boat pursuant to Idaho Code § 11-605(1)(c) is sustained and the exemption claim will be disallowed.  A separate order will be entered.

Dated:  September 24, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] While the Court need not, and does not, reach the issue, it is also doubtful, on this record, that Debtors could show that this boat possessed the other necessary characteristics necessary for heirloom status.

MEMORANDUM OF DECISION – 6